ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
CALENDAR: Y
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MILLENNIUM PROPERTIES R/E, INC., an Illinois corporation,<br><br>    *Plaintiff,*<br><br>v.<br><br>RGA REINSURANCE COMPANY, a Missouri corporation,<br><br>    *Defendant.* | Case No. |

## VERIFIED COMPLAINT

**NOW COMES** Plaintiff, Millennium Properties R/E, Inc., ("MPI" or "PLAINTIFF"), by and through its attorneys, FUCHS & ROSELLI, LTD., and as and for its *Verified Complaint*, PLAINTIFF states as follows:

### JURISDICTION AND VENUE

1. MPI is an Illinois corporation doing business in the state of Illinois.

2. RGA Reinsurance Company ("RGA" or "DEFENDANT") is a Missouri corporation doing business within the County of Cook, Illinois, with its principal place of business at 1370 Timberlake Manor Parkway, Chesterfield, Missouri 63017-6039.

3. All the occurrences alleged of and complained of in this Complaint occurred in Cook County, Illinois. Likewise, the property which is the subject of this action, 801-860 North Quentin Road, Palatine, IL 60067 (the "PROPERTY") is located in Cook County.

4. Pursuant to Section 5/2-101 of the Illinois Code of Civil Procedure,



EXHIBIT B

Cook County is the proper venue for this action.

### FACTS COMMON TO ALL COUNTS

5. On or about April 18, 2013, MPI was appointed the exclusive broker of the RGA's position as note and mortgage holder of the property commonly known as 801-860 North Quentin Road, Palatine, IL 60067 (the "PROPERTY") pursuant to a signed Engagement Letter ("AGREEMENT") by and between MPI and RGA. A true and accurate copy of the AGREEMENT is attached hereto and incorporated herein as **EXHIBIT A**.

6. Pursuant to the AGREEMENT, MPI was the exclusive agent for the sale of RGA's position as mortgagee in respect to the PROPERTY.

7. MPI's exclusive agency commenced on April 18, 2013 and ended on October 18, 2013 ("Period of Exclusivity"). *See id.*

8. Pursuant to the AGREEMENT, MPI was granted the exclusive right to sell RGA's position as mortgagee of the PROPERTY in exchange for a brokerage commission of 3.00% of the gross purchase price of any sale of RGA's position. *See id.*

9. MPI relayed numerous offers to RGA from offerors who wished to purchase RGA's position as mortgagee of the PROPERTY, including one particular offer which RGA rejected against the advice of MPI.

10. In addition to the foregoing and other marketing efforts, MPI sent an email blast to potential buyers regarding the PROPERTY at various times during the Period of Exclusivity.

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 2 of 9

2

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 3 of 9

11. This email was sent to Quantum Real Estate Advisors, Inc. which subsequently formed an LLC, Core Quentin Corners, LLC ("BUYER"), to purchase RGA's position as mortgagee of the PROPERTY.

12. On or about July of 2013, during the Period of Exclusivity, BUYER directly contacted RGA to purchase RGA's position as mortgagee of the PROPERTY.

13. RGA concealed from MPI that RGA had been contacted by BUYER to negotiate the purchase of RGA's position as mortgagee of the PROPERTY.

14. Likewise, RGA deliberately concealed from MPI the entirety of RGA's direct negotiations with BUYER to sell RGA's position as mortgagee of the PROPERTY.

15. On or about December 3, 2013, RGA stated that it had made no efforts to sell its interest as mortgagee in the PROPERTY and that it was intending to proceed with the foreclosure of the PROPERTY, pursuant to RGA's interest as mortgagee of the PROPERTY.

16. Several weeks later, on or about December 18, 2013, RGA assigned its interest as mortgagee of the PROPERTY and all the relevant loan documents to BUYER for, upon information and belief, $2.95 million.

17. RGA knowingly concealed from MPI RGA's sale and assignment of its interest in the PROPERTY to BUYER.

18. RGA concealed the fact that BUYER directly contacted, negotiated, and purchased RGA's position as mortgagee of the PROPERTY in an effort to avoid paying PLAINTIFF the commission it earned.

19. As exclusive sales agent, MPI should have been made aware of all

3

nominees who approached RGA during the Period of Exclusivity either on their own or through another broker or third party source.

20. Pursuant to Illinois law, MPI is entitled to 3% of the gross sales price of RGA's position as mortgagee of the PROPERTY as the BUYER made contact with RGA during the pendency of the Exclusivity Period.

21. PLAINTIFF is entitled to recover its commission as provided for in the AGREEMENT, 3.0% of the gross sales price of RGA's position as mortgagee of the PROPERTY, upon information and belief, Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00).

22. Demand has been made by MPI upon RGA for the broker's fee to which MPI is entitled. RGA has refused to honor MPI's demand.

## COUNT I – BREACH OF CONTRACT

23. PLAINTIFF hereby restates, re-alleges, and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24. RGA expressly accepted the AGREEMENT on April 18, 2013 by signing same.

25. At all times herein relevant, RGA had knowledge that MPI was the exclusive broker of RGA's position as mortgagee of the PROPERTY as it was routinely advised by MPI of offers that were made for RGA's position as mortgagee of the PROPERTY and that various marketing efforts were being conducted.

26. RGA has breached its contractual obligations by failing to reimburse PLAINTIFF for its commission earned as a result of the sale of RGA's position as

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 4 of 9

mortgagee of the PROPERTY.

27. PLAINTIFF fully performed its obligations under the terms of the AGREEMENT by procuring a BUYER for RGA's position as mortgagee of the PROPERTY.

28. Despite demand, RGA has failed and continues to fail to honor its contractual obligations by refusing to reimburse PLAINTIFF for the commission it earned.

29. RGA'S breach has caused MPI to suffer damages in the approximate amount of Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus attorneys' fees in connection with the enforcement of the AGREEMENT.

**WHEREFORE**, MPI respectfully requests that this Honorable Court enter judgment in its favor and against RGA as follows:

a. Find RGA in breach of the AGREEMENT;

b. Award MPI judgment in an amount to equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest, accruing at a rate of nine percent (9%) per annum;

c. Award MPI its attorneys' fees in enforcing the AGREEMENT; and,

d. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT II – QUANTUM MERUIT
*(In the Alternative)*

30. PLAINTIFF hereby restates, re-alleges, and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

31. MPI, through its marketing efforts, produced a ready, willing, and able buyer to purchase RGA's position as mortgagee of the PROPERTY.

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 5 of 9

32. The following is a non-exhaustive list of services MPI provided to RGA in order to market RGA's position as mortgagee of the PROPERTY for sale and, without which, BUYER would not have been introduced to the PROPERTY: MPI provided RGA with an appraised value of RGA's position as mortgagee of the PROPERTY and the pricing under certain conditions; and, MPI created materials for the advertisement and marketing of RGA's position as mortgagee of the PROPERTY.

33. RGA knowingly permitted and authorized MPI to market and list RGA's position as mortgagee of the PROPERTY for sale.

34. RGA knowingly accepted the services provided by MPI for the sale of RGA's position as mortgagee of the PROPERTY.

35. The value of MPI'S marketing and advertising services equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest, accruing at a rate of nine percent (9%) per annum.

36. MPI is entitled to payment of its commission earned as a result of the sale of RGA's position as mortgagee of the PROPERTY to BUYER.

**WHEREFORE**, MPI respectfully requests that this Honorable Court enter judgment in its favor and against RGA as follows:

    a) Find that RGA has received and enjoyed a material benefit from MPI's marketing services for the sale of RGA's position as mortgagee of the PROPERTY in an amount to equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest;

    b) Award MPI judgment in an amount to equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest, accruing at a rate of nine percent (9%) per annum;

    c) Award MPI its attorneys' fees in enforcing the AGREEMENT; and,

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 6 of 9

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 7 of 9

d) Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT
### (*In the alternative*)

37. PLAINTIFF hereby restates, re-alleges, and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

38. All services performed by MPI inured to the benefit of RGA, as MPI brought forth and procured a ready, willing, and able purchaser of RGA's position as mortgagee of the PROPERTY.

39. RGA received the benefit of MPI's services, a benefit which it has retained, and continues to retain.

40. RGA has been unjustly enriched by retaining the benefits of MPI's services without paying MPI its commission earned as a result of the procurement of a buyer to purchase RGA's position as mortgagee of the PROPERTY.

41. The value of MPI'S services equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest, accruing at a rate of nine percent (9%) per annum.

42. MPI is entitled to payment of its commission.

**WHEREFORE**, MPI respectfully requests that this Honorable Court enter judgment in its favor and against RGA as follows:

a) Award MPI judgment in an amount to equal or exceed Eighty-Eight Thousand Five Hundred and 00/100 Dollars ($88,500.00), plus interest, accruing at a rate of nine percent (9%) per annum;

b) Award MPI its attorneys' fees in enforcing the AGREEMENT; and,

  c)  Grant such other and further relief as this Honorable Court deems just and proper.

              Respectfully submitted,

              **MILLENNIUM PROPERTIES R/E, INC.**, an Illinois corporation, *Plaintiff*

      By: <u>/s/ Scott A. Nehls</u>
         One of its Attorneys

Richard C. Perna
Scott A. Nehls
**FUCHS & ROSELLI, LTD.**
440 W. Randolph Street
Suite 500
Chicago, Illinois 60606
(312) 651-2400
Firm No. 18573

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 8 of 9

## VERIFICATION BY CERTIFICATION

I, Mark J. Reiter, being of full age and duly sworn, upon oath, deposes and states:

1. I am the Vice President of Millennium Properties R/E, Inc. and have personal knowledge of the facts alleged herein and am duly authorized to so represent and am prepared to testify to them if called as a witness.

2. I have read the foregoing Verified Complaint and the allegations contained therein. Except as to those allegations alleged to be on information and belief, which I believe to be true, all of the allegations in this Verified Complaint are true based upon my personal knowledge, Millennium Properties R/E, Inc.'s records and information available through Millennium Properties R/E, Inc.'s employees.

ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
PAGE 9 of 9

MILLENNIUM PROPERTIES R/E, INC.

By: _____

MARK J REITER, VICE PRESIDENT

2 First National Plaza
20 South Clark, Suite 630
Chicago, IL 60606

Phone 312-338-3000
Fax 312-338-3008
www.mpirealestate.com



ELECTRONICALLY FILED
5/15/2014 4:26 PM
2014-L-005256
CALENDAR: Y
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

April 18, 2013

Jeff Deters
RGA Reinsurance
1370 Timberlake Manor Parkway
Chesterfield, MO 63017-6039

RE: **Engagement Letter: 801-860 N. Quentin Rd., Palatine, IL 60067**

Jeff:

I wanted to take this opportunity to reiterate the fee Millennium Properties R/E, Inc. ("MPI") will be paid if RGA Reinsurance (mortgagee) sells its position as mortgagee for the above-referenced property. If MPI brings forth a nominee to purchase the mortgage and "acquire" the above-referenced note and mortgage on the above referenced parcel, then MPI shall be compensated in accordance with the terms below. "Acquire," for the purposes of this letter shall mean the (i) sale or exchange of the mortgage or note or lenders interest, (ii) contribution or conveyance of the Property to a partnership, joint venture or other business entity, or (iii) sale, merger or transfer of a business interest in lieu of a sale of stock.

At closing, a real estate commission/consulting fee equal to three percent (3%) of the gross price shall be paid to Millennium Properties R/E, Inc.

MPI shall be the sole agent acting exclusively on behalf of RGA to market the acquisition of the above referenced instrument for a period commencing April 18, 2013 and ending six (6) months later on October 18, 2013.

Thanking you in advance.

Very truly yours,

Daniel J. Hyman
President

Agreed and accepted by:

_____    4/18/2015
Jeff Deters                      Date